402 So.2d 629 (1981)
STATE of Louisiana
v.
Amos BOUDREAUX.
No. 80-K-2011.
Supreme Court of Louisiana.
February 4, 1981.
Concurring Opinion October 9, 1981.
Stephen A. Jefferson, Farrar, Perry & Jefferson, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-respondent.
DOUCET, Justice ad hoc.[*]
At approximately midnight on the night of June 27, 1978, one Cecil Drake, a casual *630 acquaintance of the defendant, agreed to give the defendant and his unknown companion a ride in his vehicle from West Monroe to Monroe. En route, the defendant and his companion requested that Drake stop the vehicle and let them out. As Drake was doing so, the defendant pulled a pistol on him, requesting that Drake turn over his money. Instead, Drake, frightened, jumped from the truck and ran. The defendant then commandeered the truck and took off. Drake called the police, described what had happened, and identified his assailant as the defendant. Subsequently, on July 14, 1978, the defendant was arrested and charged with armed robbery. (La.R.S. 14:64) Defendant was arraigned on July 20, 1978, at which time he pled "not guilty". On September 7, 1978, a preliminary examination was conducted at the conclusion of which the trial court found probable cause to hold the defendant for trial. On November 7, 1978, defendant withdrew his formerly entered not guilty plea to armed robbery and in its stead entered a plea of guilty to simple robbery. (La.R.S. 14:65) The trial judge found the plea intelligently and voluntarily entered, accepted it, and remanded the defendant to the Parish jail to await sentencing. On December 12, 1978, the court imposed a sentence of five years at hard labor in the custody of the Department of Corrections.
While imprisoned at Angola, defendant filed in the trial court an application for a writ of habeas corpus alleging that his guilty plea should be set aside for the reason that he was not informed of his right to confront witnesses against him and his right to compulsory process. The trial court denied the writ. Subsequently, the defendant sought relief in this Court. Accordingly, on June 13, 1980, this Court granted defendant's writ, setting aside defendant's plea for the reason that he was not advised of his confrontation rights.
Defendant was thereafter returned from Angola to the trial court where, on July 15, 1980, he was rearraigned on the crime of armed robbery. At this time defendant entered a plea of "not guilty". Subsequently, defendant filed a motion to quash on July 31, 1980. By this motion defendant claimed that rearraignment on armed robbery subjected him to double jeopardy. Defendant argued the motion on August 25, 1980; on August 26, 1980, the motion was denied. The matter is now before this Court on a writ seeking review of the trial court's denial of the motion to quash.
Defendant argues that his guilty plea to simple robbery acted as an acquittal on the greater offense of armed robbery such that reinstatement of the armed robbery charge, after this Court vacated the simple robbery plea, twice placed him in jeopardy for the same offense. Defendant bases his argument on La.C.Cr.P. Art. 598.
"Art. 598. Effect of verdict of lesser offense
When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial. Amended by Acts 1978, No. 133, § 1."
Both the United States and the Louisiana Constitutions prohibit placing an accused twice in jeopardy for the same offense. United States Constitution, Amendment 5; Louisiana Constitution (1974), Article I, Section 15. More particularly, these provisions protect the accused against a second prosecution for the same offense after acquittal. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); State v. Hurst, 367 So.2d 1180 (La. 1979). Consequently, when a person is found guilty of a lesser degree of the offense charged, the verdict of the court is deemed an acquittal of all greater offenses charged in the indictment; the protections of double jeopardy bar reprosecution on the greater offenses. Green v. United States, *631 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The unique issue presented by this case, however, has yet to be confronted by this Court or the United States Supreme Court: is a plea to a lesser offense an acquittal on the greater offense such that where the verdict entered on the plea is vacated at defendant's request, subsequent reprosecution on the greater offense is barred?
Every federal circuit court that has confronted this or a like question has ruled that the vacated plea does not act as an acquittal on the greater offense, barring reprosecution. See, Hawk v. Berkemer, 610 F.2d 445 (6th Cir. 1979) (Plea bargain to murder with aggravated murder counts dismissed);[1]United States v. Williams, 534 F.2d 119 (8th Cir. 1976) (charged with aggravated bank robbery and plea bargained to lesser included offense of bank robbery); United States v. Anderson, 514 F.2d 583 (7th Cir. 1975) (indicted for armed robbery and plea bargained to lesser included offense of robbery); United States ex rel. Williams v. McMann, 436 F.2d 103 (2d Cir. 1980) (charged with felonious sale of narcotic drug and plea bargained to lesser included offense of attempted felonious sale); Ward v. Page, 424 F.2d 491 (10th Cir. 1970) (charged with first degree murder and plea to lesser included offense of first degree manslaughter); United States v. Myles, 430 F.2d 161 (D.C.Cir.1978) (plea bargained to one gambling offense and other gambling charges dismissed); See also, United States v. Johnson, 537 F.2d 1170 (4th Cir. 1976) (court suggests, without holding, that plea to two of four counts is not acquittal on remaining two).
In Hardwick v. Doolittle, 558 F.2d 292 (5th Cir. 1977), the Fifth Circuit was confronted with a case in which charges not originally brought against the accused were added at retrial. While the primary issue concerned alleged prosecutorial vindictiveness, see, Blackledge v. Perry, 417 U.S. 21, 99 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court nonetheless noted that "a prosecutor may, without explanation, refile charges against a defendant whose bargained for guilty plea to a lesser charge has been withdrawn or overturned on appeal, provided that an increase in the charges is within the limits set by the original indictment." 558 F.2d at 301. It is submitted that the quoted language demonstrates that the Fifth Circuit is in accord with the other noted Circuits: a vacated verdict on a plea to a lesser included offense does not bar prosecution on the greater offense.
The Circuits have reached consistent results but have done so employing varying techniques. In United States v. Anderson, supra, the 7th Circuit reasoned that the Government's acceptance of a plea is conditional on the accused's being convicted and remaining convicted of the offense to which he pled. When the plea to conviction is vacated, the condition precedent to the Government's agreement not to prosecute on the greater offense no longer existed. "The Government was then free to prosecute [the accused] without placing him twice in jeopardy. To hold otherwise is to find that the Double Jeopardy Clause gives the defendant more than the `benefit of his bargain' and ensures that he will not even be placed in jeopardy once under certain circumstances."Anderson, supra, 514 F.2d at 587. In United States v. Williams, supra on the other hand, the Eighth Circuit finds *632 a solution in the concept of "continuing jeopardy." See, United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). Under this approach, a subsequent trial after the setting aside of the plea-verdict does not constitute double jeopardy; it is merely "continuing jeopardy that has application where criminal proceedings against an accused have not run their full course". Price, supra, 398 U.S. at 326, 90 S.Ct. at 1759.
Williams also confronts the argument that for double jeopardy purposes it is immaterial whether the former conviction on the lesser charge resulted from a trial on both the greater and lesser charges or from a plea to the lesser charge only. The Court rejects this argument, writing:
First, a jury's verdict of guilty on a lesser charge is an"implicit acquittal" on the greater charge. Second, a defendant's jeopardy on the greater charge ends when the first jury is given a "full opportunity" to return a verdict on that charge and instead returns a verdict on the lesser charge only. Neither premise is applicable when the original conviction on the lesser charge follows a guilty plea rather than a trial on both charges. Green, supra, 355 U.S. at 190, 78 S.Ct. at 225, 2 L.Ed.2d at 206, reveals quite clearly why the Supreme Court concluded that an "implicit acquittal" had occurred there:
Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gauntlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder.
Williams, supra, 534 F.2d at 121.
In contrast to the defendant in Green, the defendant at bar was not, in the proceedings in which his guilty plea was accepted, in direct peril of being convicted and punished for violating La.R.S. 14:64. He was not forced to "run the gauntlet" on that charge. No trier of fact refused to convict him on that charge and none was given the choice between finding him guilty on either that charge or on La.R.S. 14:65. The prosecutor and the judge had the sole options of accepting or rejecting the plea on the lesser charge. By accepting it, no determination was made, explicit or implicit, on the merits of the charge not embraced in the plea. There was no implicit acquittal. A plea to a lesser charge necessarily deprives the court of an opportunity to consider the greater charge.
This Court must next analyze the resolution of the issue in terms of the effect it may have on a defendant's decision to attack his conviction on appeal.
North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), established that a due process deprivation may result if a defendant receives harsh treatment when he is retried and reconvicted after a successful appeal. Specifically, Pearce held that after a new trial a defendant cannot be given a more severe sentence unless objective reasons concerning conduct occurring after the time of original sentencing affirmatively appear.[2] The Court stated:
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
In the case at bar, it appears that retrial on the greater charge will impose no Pearce due process limitation on the possible sentence imposed, provided of course *633 that the sentence is otherwise in conformity with law. The court retains its sentencing discretion due to the fact that the state never elected on which charge it would try the defendant if the case went to trial. The greater charge was dropped in return for a plea to the lesser one. After the plea was vacated the situation reverted to the pre-plea stage. Here we have a situation where there has been a major change other than just an appealby his own hand, defendant has upset his bargain and now pleaded not guilty to both charges. There is no appearance of retaliation when a defendant is placed in the same position as he was before he accepted the plea bargain. See, United States v. Anderson, supra, at 514 F.2d at 587-588.
This case is remanded for further proceedings consistent with this opinion.
CALOGERO, Justice, concurring.
I concur in the majority opinion based on the facts here presented. However, in my view, if defendant on remand again offers to plead guilty to simple robbery and the trial court or the district attorney refuses to allow him to do so the defendant's contentions may then have merit.
NOTES
[*] Judges CECIL C. CUTRER, JIMMY M. STOKER and NED E. DOUCET, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice JOHN A.DIXON, Jr., and Associate Justices PASCAL F. CALOGERO, Jr., JAMES L. DENNIS and JACK C. WATSON.
[1] In Hawk the Sixth Circuit overruled its holding in Rivers v. Lucas, 477 F.2d 199 (6th Cir. 1973). In Rivers, vacated on other grounds at 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1976), the Sixth Circuit held that under double jeopardy principles, a defendant indicted for first degree murder who pled guilty to manslaughter, a lesser included offense, may not be reprosecuted for murder after the manslaughter conviction is set aside. This result was obtained in accordance with Muilreed v. Kropp, 425 F.2d 1095 (6th Cir. 1970) in which the Court held the minority view that, for purposes of testing a double jeopardy plea, there is no difference between the jury's refusal to convict on the more serious charge and the court's "implicit" refusal to do so when it accepts a guilty plea to a lesser included offense. Cf. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The Court in Hawk expressly noted that Rivers and Muilreed were out of step with the National jurisprudential consensus on this issue. 610 F.2d at 446.
[2] In Blackledge v. Perry, supra, the Supreme Court also made clear that the prosecutor is not free to substitute a more serious grade of an offense originally not charged for one that resulted in conviction but was overturned on appeal. In this case, of course, the prosecution began with the more serious charge of armed robbery and elected to bargain from that position. A different result might well obtain here if the state had charged only simple robbery at the outset and defendant had managed on appeal to set his plea to that offense aside. In that case, recharging the defense after this successful appeal as armed rather than simple robbery, might appear vindictive under Blackledge, supra.