GARRISON, Judge.
The defendant, Peter J. Coleman, was charged by bill of information with theft of an item valued at less than one hundred dollars, a violation of LSA-R.S. 14:67.[1] A jury found the defendant guilty as charged. Because this was defendant’s third theft conviction, he was sentenced to two years in Orleans Parish Prison. Defendant now appeals.
On July 3, 1986, the defendant entered the F.W. Woolworth store on Canal Street in New Orleans carrying a bag, according to Percy Miller, a loss prevention agent for the store. Miller saw the defendant walk to the hair care department, open a package containing an “Afromatic Blowout Pik” and put the item into his bag. The defendant then walked out of the store without paying for this item which was valued at $16.99. Miller followed the defendant out of the store, stopped him on the sidewalk and informed him that he was suspected of shoplifting. Miller then brought the defendant to the store’s security office and detained him until the police arrived.
At trial, it was stipulated by both parties that, the defendant had two prior theft convictions. Defendant also admitted to another theft conviction in Louisiana, a shoplifting conviction in California and a conviction for possession of marijuana. However, defendant claimed that he was not guilty in this case and that he had never *585 seen the comb until he was in the Woolworth’s security office.
In his only assignment of error, the defendant contends that the trial court erred in sentencing him to the maximum sentence allowable without first observing the required sentencing delay period. LSA-C.Cr.P. art. 873 provides as follows:
“If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or an arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.”
In this case, the minute entries reflect that the defendant was sentenced immediately after his trial. The minute entries do not indicate that the sentencing delays required by C.Cr.P. art. 873 were waived by the defendant. Therefore, because it cannot be clearly concluded that the defendant was not prejudiced by the trial court’s failure to observe the mandatory delay period, the defendant’s sentence must be vacated and this case must be remanded for resen-tencing. State v. Taylor, 349 So.2d 1245 (La.1977).
In addition to the above assignment of error, defendant’s illegal sentence claim presented to this Court in Writ K-8271 will be considered as an assignment of error in this case as per this Court’s Order of July 31, 1987. In that claim, defendant argued that his two year sentence to Orleans Parish Prison is illegal according to LSA-R.S. 15:302(C)(5) which states that persons who are second or third offenders shall not be sentenced to Parish Prison. A reading of R.S. 15:302(C)(5) indicates that the prohibition against sentencing second or third offenders to Parish Prison applies to second or third felony offenders.
The bills of information and minute entries from defendant’s prior convictions to which he stipulated at trial, specifically, Criminal District Court cases 284-741 “E” and 275-731 “F”, indicate that both of these convictions were felonies, i.e. both were third offender theft convictions. Therefore, because defendant is a third felony offender, the trial judge erred in sentencing him to Orleans Parish Prison.
Thus, we affirm the defendant’s conviction. However, for the reasons stated above, we vacate the defendant’s sentence and remand this case for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

. LSA-R.S. 14:67 states as follows:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.