677 So.2d 518 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
James Lawrence SOILEAU, Defendant-Appellant.
No. CR 95-1214.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1996.
J. William Pucheu, Ville Platte, Allen Bruce Rozas, Mamou, for State.
John Blake Deshotels, Eric LaFleur, Ville Platte, for James Lawrence Soileau.
Before KNOLL, WOODARD and PETERS, JJ.
KNOLL, Judge.
Defendant, James Lawrence Soileau, was convicted by a jury of simple burglary, in violation of La.R.S. 14:62, and of theft, in violation of La.R.S. 14:67B(2). The defendant was sentenced to twelve years at hard labor for the burglary conviction, and he was sentenced to two years at hard labor for the theft conviction. These sentences were to run consecutively.
Subsequent to these convictions, the defendant was adjudicated a fourth felony offender, in violation of La.R.S. 15:529.1A(1)(c)(i). The defendant's prior sentences were set aside, and he was sentenced to fifty (50) years at hard labor without benefit of probation or suspension of sentence in accordance with the provisions of La.R.S. 15:529.1(G). The defendant appeals, assigning four errors.

ERRORS PATENT
Pursuant to La.Code Crim.P. art. 920, this court has conducted a search for errors patent on the face of the record. Two errors patent have been discovered.
*519 First, we note that the trial court failed to inform the defendant of his right to remain silent prior to his habitual offender proceeding. Nevertheless, this oversight does not necessarily constitute reversible error, and if other competent evidence of the defendant's prior convictions is introduced, his adjudication as a habitual offender will not be overturned. State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989), writs denied, 556 So.2d 1258 and 558 So.2d 567 (La.1990).
At the habitual offender hearing, the State introduced evidence of six prior felony convictions attributable to the defendant. During trial on the merits of the two instant offenses, the defendant testified on his own behalf, where upon cross examination he was questioned about these prior felony convictions, and admitted the convictions on each count.
The same judge presided over both the trials for the instant offenses and the subsequent habitual offender proceeding. Without objection from the defendant, the trial court took judicial notice of the defendant's earlier testimony, in which he admitted that he had been convicted of the predicate offenses, and determined that he was in fact a habitual felony offender.
In State v. Gordon, 582 So.2d 285 (La.App. 1 Cir.1991), the court addressed a very similar situation, stating:
In any event, the defendant's own testimony at the trial for the instant offenses established both the prior felony conviction for simple robbery in 1987 and his identity as this prior convicted felon. During the trial, the defendant admitted his prior felony conviction for simple robbery in 1987 and also admitted that he was on parole for this conviction when he committed the instant offenses. The State requested that the trial court take judicial notice of the trial for the instant offenses and the defendant's testimony therein, which the trial court did. Accordingly, we conclude that the trial court properly adjudicated the defendant to be a second felony habitual offender.
Gordon, 582 So.2d at 293.
The same issue was also addressed in State v. Jones, 332 So.2d 461 (La.1976), wherein the Louisiana Supreme Court stated:
Our decision in State v. O'Day, 191 La. 380, 185 So. 290 (1938), remains a valid statement of the law on this issue:
"... The present proceeding is a part of the original prosecution against him for that crime. State v. Guidry, 169 La. 215, 124 So. 832. Our learned brother below had the right to take judicial cognizance of any prior proceeding which was a part of the same case he had previously tried...."
Jones, 332 So.2d at 463.
We therefore hold that the trial court properly took judicial notice of the defendant's six prior felony convictions, which the defendant freely admitted at the trial for the instant offenses. Furthermore, because his status as a habitual offender was proved by competent evidence, the failure to inform the defendant of his right to remain silent prior to his habitual offender hearing was not reversible error. We therefore affirm the defendant's adjudication as a fourth felony offender.
We note that although competent evidence of six prior felonies was admitted, the defendant was adjudicated only as a fourth felony offender. This is because La.R.S. 15:529.1 does not distinguish between four or more felonies.
The second error patent concerns the sentence imposed after the defendant was adjudicated as a habitual offender. Although the defendant was convicted in the case-in-chief of two offenses, simple burglary and theft, the habitual offender bill filed by the State failed to specify to which of these two offenses the enhanced penalty was being applied under La.R.S. 15:529.1. The record does not reveal which of the defendant's counts was being enhanced. Furthermore, in sentencing defendant on one count, the trial court neglected to impose any sentence at all on the remaining counts. The trial court must impose a separate sentence for each separate count for which the defendant was convicted. State v. Parker, 593 So.2d 414 (La.App. 1 Cir.1991).
*520 The Fifth Circuit Court of Appeal squarely addressed this issue in the recent case of State v. Brown, 95-124 (La.App. 5 Cir. 5/30/95); 656 So.2d 1070, wherein the court stated:
Only one count of a multi-count indictment/information can be used to enhance the penalty pursuant to La.R.S. 15:529.1 when the convictions were entered on the same day. State v. McIntyre, 496 So.2d 1204, 1207 (La.App. 5th Cir.1986). Although it appears that the trial court imposed the enhanced sentence based on one count and not on all counts, that assumption cannot be stated with certainty. See State v. McIntyre, supra. Furthermore, because two of the counts arose from a single criminal episode, the defendant could not have been sentenced as a multiple offender on all counts. State ex rel. Porter v. Butler, 573 So.2d 1106, 1108 (La. 1991). Convictions on more than one count entered on the same day should be treated as one conviction for purposes of the habitual offender statute. Id. Therefore, the enhanced sentence imposed must be vacated and the case remanded to the trial court for resentencing.
Brown, 95-124 at pp. 8-9; 656 So.2d at 1077.
The trial court erred in not specifying which count was enhanced under 15:529.1. It also erred in failing to sentence the defendant on the remaining count. The defendant's sentence is therefore vacated, and this case is remanded to the trial court for resentencing.

ASSIGNMENTS OF ERROR 1-3
These assignments of error have been withdrawn by the defendant, and they were not briefed. This court will therefore consider them abandoned pursuant to the Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4.

EXCESSIVE SENTENCE
This assignment of error is rendered moot by the court's earlier determination to remand the case for resentencing.
For the foregoing reasons, the defendant's convictions and adjudication as a fourth felony offender are affirmed. The defendant's sentence under La.R.S. 15:529.1 is reversed, and this case is remanded for resentencing in accordance with the views expressed herein.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.