# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-877


STATE OF LOUISIANA

VERSUS

TOMMY CLOUD


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2003-1773
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


> **CONVICTION FOR INDECENT BEHAVIOR REVERSED AND SENTENCE VACATED.**
>
> **CONVICTIONS FOR MOLESTATION OF A JUVENILE, SEXUAL BATTERY, AND ORAL SEXUAL BATTERY AFFIRMED. SENTENCES VACATED AND REMANDED TO TRIAL COURT.**


Douglas L. Hebert, Jr.
District Attorney - 33rd Judicial District Court
P. O. Box 839
Oberlin, LA 70655
Telephone: (337) 639-2641
COUNSEL FOR:
     Plaintiff/Appellee - State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457-2057**
**Telephone:  (318) 572-5693**
**COUNSEL FOR:**
     **Defendant/Appellant - Tommy Cloud**

THIBODEAUX, Chief Judge.

The Defendant, Tommy Cloud, was charged by bill of indictment with sexual battery in violation of La.R.S. 14:43.1, oral sexual battery in violation of La.R.S. 14:43.3, molestation of a juvenile in violation of La.R.S. 14:81.2, and indecent behavior with a juvenile in violation of La.R.S. 14:81. Pursuant to a plea bargain, the Defendant pled guilty to sexual battery and oral sexual battery. The remaining two charges were dismissed. The Defendant was sentenced to two consecutive terms of nine years at hard labor, without benefit of probation, parole, or suspension of sentence.

The Defendant appealed his conviction, claiming that his guilty plea was not knowingly and intelligently made because the plea bargain contained an impossible condition. The Defendant's conviction was subsequently reversed, his guilty plea and sentences were vacated, and the case was remanded to the trial court for further proceedings. *State v. Cloud*, 04-838 (La.App. 3 Cir. 2/2/05), 893 So.2d 220.

Following remand to the trial court, a jury convicted the Defendant on all four counts. Prior to sentencing, the Defendant was arraigned on a multiple offender bill and pled not guilty. The trial court found the Defendant guilty of being a multiple offender. After waiving sentencing delays, the Defendant was sentenced to life at hard labor without benefit of parole, probation, or suspension of sentence. Later, the trial court clarified that the Defendant was sentenced on all four charges and ordered the Defendant's life sentences to run concurrently. He appeals, primarily on the basis of double jeopardy and excessiveness of the sentences.

## LAW AND DISCUSSION

### Double Jeopardy

The Defendant argues that his convictions for the previously dismissed charges of molestation of a juvenile and indecent behavior of a juvenile violated his constitutional right against double jeopardy and his procedural due process rights to an appeal. The Defendant contends that sentencing in a plea bargain begins jeopardy and the retrial of charges dismissed in the plea bargain are barred by double jeopardy.

As noted by this court in *State v. Francois*, 05-1385 (La.App. 3 Cir. 4/5/06), 926 So.2d 744,

> The Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution of 1974 prohibit placing a person twice in jeopardy of life or limb for the same offense. La.Code Crim.P. art. 591. Double jeopardy protects an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act. *State v. Murray*, 00-1258 (La.9/18/01), 799 So.2d 453.

Further, the supreme court in *State v. Crandell*, 05-1060 (La. 3/10/06), 924 So.2d 122, 129 stated:

> Inherent in the guarantee against double jeopardy are three constitutional protections: 1) against a second prosecution for the same offense after acquittal; 2) against a second prosecution for the same offense after conviction; 3) against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969) . . .

In opposition to the Defendant's argument, the State maintains that pursuant to La.Code Crim.P. art. 591, double jeopardy does not attach when a defendant himself moves to set aside his conviction, citing *State v. Smith*, 406 So.2d 1314, 1315 (La.1981). Article 591 states that, "No person shall be twice put in jeopardy of life or liberty for the same offense, except, ***when on his own motion, a new trial has been granted or judgment has been arrested***, or where there has been

2

a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant." (emphasis added).

The defendant's initial guilty pleas and sentences were vacated. Therefore, a valid sentence was not imposed in the first instance. La.Code Crim.P. art. 592. "When a defendant pleads guilty, jeopardy begins when a *valid* sentence is imposed." *Id*. (Emphasis added). Consequently, this defendant was not placed in double jeopardy by his subsequent trial on the previously filed charges and those that had been previously dismissed, since jeopardy never attached in the first place. *See State v. Boudreaux*, 402 So.2d 629 (La.1981) (finding that once a plea is vacated, the situation reverts to the pre-plea stage). However, the fact that he received harsher treatment, i.e., being charged with the previously dismissed crimes after he successfully appealed his prior guilty pleas and received a longer sentence, requires a determination as to whether he has suffered a deprivation of due process. *Id*. (citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072 (1969)).

The *Pearce* court explained the due process issue raised, as such:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such retaliatory motivation on the part of the sentencing judge.

*Pearce*, 395 U.S. at 725.

In *Boudreaux*, the supreme court held that "[t]here is no appearance of retaliation when a defendant is placed in the same position as he was before he accepted the plea bargain." *Boudreaux*, 402 So.2d at 633 (citing *U.S. v. Anderson*, 514 F.2d 583 (7th Cir. 1975)). Therefore, "[w]hen the plea to conviction is vacated,

the condition precedent to the Government's agreement not to prosecute on the greater offense no longer existed." *Boudreaux*, 402 So.2d at 631. Rather, the government is then free to prosecute the defendant without placing him twice in jeopardy, otherwise the double jeopardy clause will operate to give the defendant more than the "benefit of his bargain" and will ensure that the defendant will avoid being placed in jeopardy even once under certain circumstances. *Id.* (citing *Anderson*, 514 So.2d 583). Consequently, this approach seems to mean that, after the setting aside of the earlier plea-verdict, a later trial on those charges that were originally dismissed and which, as a result of the trial, now result in harsher punishment, does not constitute double jeopardy. *Id.* Instead, this is a situation of "continuing jeopardy that has application where criminal proceedings against an accused have not run their full course." *Boudreaux*, 402 So.2d at 632 (quoting *Price v. Georgia*, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759 (1970)).

The two charges dismissed pursuant to the plea bargain in this case were resurrected when the guilty plea was reversed and vacated by this court; thus, the parties were in the same position as they were prior to acceptance of the plea bargain. *See State v. Smith*, 04-338 (La.App. 3 Cir. 9/29/04), 883 So.2d 505 and *State v. Boudreaux*, 402 So.2d 629. Accordingly, the trial and convictions on the dismissed charges did not amount to double jeopardy.

**Multiple Convictions for Same Offense**

The Defendant argues that he was "overcharged," violating his constitutional protections against multiple punishments. The Defendant maintains that the allegations are clearly limited to one transaction that occurred in a few minutes.

4

In the State's opposition, a *Jackson* analysis is provided to show that sufficient evidence was presented to find the Defendant guilty of all four charges. However, the issue presented is not whether there was sufficient evidence to convict the Defendant of the individual charges. Instead, the issue is whether the State used the same evidence to prove sexual battery and oral sexual battery that it used to prove molestation of a juvenile and indecent behavior with a juvenile resulting in double jeopardy.

In *State v. Barton*, 02-163, pp. 17-18, (La.App. 5 Cir. 9/30/03), 857 So.2d 1189, 1201-02, *writ denied*, 03-3012 (La. 2/20/04), 866 So.2d 817, the court summarized the two tests used by Louisiana courts use in examining violations of double jeopardy as follows:

> The "distinct fact" test, commonly referred to as the *Blockburger* test, is taken from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) as follows:
>
> > The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
>
> *Accord*, *State v. Knowles*, 392 So.2d 651, 654 (La.1980).
>
> The second test is the "same evidence" test. In *State v. Steele*, 387 So.2d 1175, 1177 (La.1980), the Louisiana Supreme Court explained that test as follows:
>
> > If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial....

> The "same evidence" test is broader than *Blockburger*, "the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *State v. Steele*, 387 So.2d at 1177. Although the Louisiana Supreme Court has accepted both the *Blockburger* test and the same evidence test, it has principally relied on the "same evidence" test to evaluate double jeopardy claims. *State v. Miller*, 571 So.2d 603, 606 (La.1990).

With regard to the charges of sexual battery and oral sexual battery, the Defendant concedes that the State could have charged him with both offenses based on *State v. Burnett*, 33739 (La.App. 2 Cir. 10/4/00), 768 So.2d 783, *writ denied*, 00-3079 (La. 11/02/01), 800 So.2d 864. In *Burnett*, the court held that within a short span of time, a person can commit the distinct crimes of sexual battery and oral sexual battery by touching a child's genitals and by engaging in oral sex on the child's genitals.

The Defendant, however, challenges the charges of molestation of a juvenile and indecent behavior with a juvenile, arguing that the evidence required to prove these charges is the same used by the State to prove sexual battery and oral sexual battery. More specifically, the Defendant maintains that the evidence adduced at trial that he forced the twelve-year-old victim onto his bed, fondled her and then licked her genitalia is the same evidence the State used to prove molestation and indecent behavior. The Defendant asserts that both offenses require proof of a lewd and lascivious act on a minor child and contends that fondling or oral sex are lewd and lascivious acts. Further, the Defendant argues that the force used to prove lack of consent in proving sexual battery and oral sexual battery is the same that is required in molestation.

The Defendant further maintains that indecent behavior with a juvenile is a lesser and included offense of molestation of a juvenile, citing *State v. Leblanc*,

506 So.2d 1197 (La.1987). *See also State v. Busby*, 94-1354 (La.App. 3 Cir. 4/5/95), 653 So.2d 140, *writ denied*, 95-1157 (La. 9/29/95), 660 So.2d 854. The Defendant also maintains that the facts of this case are distinguishable from *State v. Taylor*, 95-179 (La.App. 3 Cir. 10/04/95), 633 So.2d 336, wherein this court found that a defendant could be convicted of both sexual battery and attempted indecent behavior with a juvenile. In *Taylor*, the defendant was found guilty of sexual battery and attempted indecent behavior with a juvenile. On appeal, this court concluded that the evidence needed for conviction of sexual battery would not have supported a conviction for attempted indecent behavior with a juvenile which requires evidence of age; thus, the defendant's convictions for sexual battery and attempted indecent behavior with a juvenile did not subject him to double jeopardy.

Comparing the facts of *Taylor* to his case, the Defendant asserts that there was no evidence of acts of indecent behavior. In *Taylor*, the defendant removed his clothes and bathed with the child prior to the sexual battery. In this case, the Defendant avers that the State never adduced any evidence of separate acts that would constitute molestation or indecent behavior, but relied solely on the evidence of fondling and oral sex to prove the offenses of molestation and indecent behavior with a juvenile.

Sexual battery is defined in La.R.S. 14:43.1(A) as:

> ... the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

7

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

Oral sexual battery is defined in La.R.S. 14:43.1(A) as:

... the intentional engaging in any of the following acts with another person, who is not the spouse of the offender when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim...

Thus, the evidence necessary for a conviction of sexual battery and oral sexual battery includes lack of consent, that the victim was not the spouse of the Defendant, proof of the victim's and Defendant's ages, and that the victim's genitals were touched by the Defendant.

Molestation of a juvenile is defined in La.R.S. 14:81.2(A) as:

... the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense . . .

Thus, the evidence necessary for a conviction of molestation of a juvenile is proof of the victim's and Defendant's ages, a lewd or lascivious act, intent of arousal or gratification and the use of force.

First, molestation, like sexual battery and oral sexual battery, requires evidence to prove the age of the Defendant and victim and the use of force to commit the offenses. Also, at trial, the same evidence of age and force used to prove sexual battery and oral sexual battery was the same used to prove molestation. Molestation, however, does not require evidence that the Defendant touched the victim's genitals. The State need only to have submitted evidence that the Defendant committed a lewd or lascivious act that is separate and apart from the touching of the victim's genitals. The Defendant maintains, however, that the evidence used to prove he touched the victim's genitals was the same evidence used to prove he performed a lewd and lascivious act.

However, additional evidence was offered at trial which may be considered under the definition of lewd and lascivious, but would not support a conviction of sexual battery or oral sexual battery. As noted in *State v. Rollins*, 581 So.2d 379, 382 (La.App. 4 Cir. 1991), "A lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner. *State v. Holstead*, 354 So.2d 493 (La.1977); *State v. Prejean*, 216 La. 1072, 45 So.2d 627 (1950)." In this case, before touching her genitals with his hand and tongue, the Defendant rubbed his body against the minor, kissed her lips and put his tongue into her mouth.

In *State v. Rideaux*, 05-446 (La.App. 3 Cir. 11/2/05), 916 So.2d 488, 497, this court stated, ". . . a kiss is proscribed behavior under §14:81 when it is repeated or accompanied by other acts that seem more likely to excite lust and to deprave morals, generally genital contact." We conclude that the State did not use the same evidence to prove the offense of molestation of a juvenile and that the

9

Defendant's actions of rubbing and kissing the victim prior to touching her genitals constituted lewd and lascivious acts.

Indecent behavior with a juvenile is defined by La.R.S. 14:81(A) as:

> ... the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person . . .

Although not listed in La.Code Crim.P. art 814 as a responsive verdict to molestation of a juvenile, the jurisprudence clearly establishes that it is. Further, the same evidence used to prove molestation was used to prove indecent behavior. Accordingly, the charge and conviction for indecent behavior of a juvenile results in double jeopardy, and the conviction is reversed and the charge is dismissed.

**Excessive Sentence**

The Defendant argues that his sentencing in excess of his original sentences violates his procedural due process rights under the Fourteenth Amendment and his constitutional right against excessive sentences. The Defendant maintains that if the sentences are upheld, defendants with otherwise valid grounds for appeal will not exercise their right of appeal in fear of being punished with an increased sentence if they successfully appeal.

In support of his argument, the Defendant references this court to *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, wherein the United States Supreme Court concluded that there would be a violation of the Fourteenth Amendment should a trial court impose a heavier sentence on a re-convicted defendant in order to punish him for having successfully appealed his original conviction. Accordingly, a defendant cannot be given a more severe sentence unless objective reasons

10

concerning conduct occurring after the time of original sentencing affirmatively appear.

In its opposition, the State maintains that the life sentence imposed was proper under La.R.S. 15:529.1 regarding the Defendant's conviction as a fourth felony offender and denies it has committed any vindictive acts. Additionally, the State asserts that although it used all four of the Defendant's convictions on the habitual offender bill, any one of the convictions alone would have sufficed as the fourth felony offender conviction.

This issue of vindictiveness along with a similar set of facts was addressed in *State v. Boudreaux*, 402 So.2d 629. In *Boudreaux*, the defendant was originally charged with armed robbery. He entered a plea of guilty to the lesser and included offense of simple robbery and was sentenced five years at hard labor. Later, the defendant filed an application for a writ of habeas corpus, alleging that his guilty plea should be set aside because he was not informed of his right to confront witnesses against him and his right to compulsory process. The supreme court vacated the plea, and the defendant was rearraigned on the crime of armed robbery. The defendant subsequently filed a motion to quash in the trial court, claiming that rearraignment on armed robbery subjected him to double jeopardy. The trial court denied the motion and the defendant sought writs. The supreme court concluded as follows:

> In the case at bar, it appears that retrial on the greater charge will impose no *Pearce* due process limitation on the possible sentence imposed, provided of course that the sentence is otherwise in conformity with law. The court retains its sentencing discretion due to the fact that the state never elected on which charge it would try the defendant if the case went to trial. The greater charge was dropped in return for a plea to the lesser one. After the plea was vacated the situation reverted to the pre-plea stage. Here we have a situation where there has been a major change

other than just an appeal by his own hand, defendant has upset his bargain and now pleaded not guilty to both charges. There is no appearance of retaliation when a defendant is placed in the same position as he was before he accepted the plea bargain. See, *United States v. Anderson*, *supra*, at 514 F.2d at 587-588.

*Id*. at 632-33.

Likewise, after the Defendant's guilty plea was vacated in this matter, the case reverted to it pre-plea stage, resurrecting the original charges. As stated in *Boudreaux*, there is no appearance of retaliation because the Defendant was placed in the same position as he was before he accepted the plea bargain. This factual situation was not present in the jurisprudence cited and relied upon by the Defendant.

Additionally, the Defendant did not simply receive a harsher sentence for the original charges, but was charged as a habitual offender. The Defendant submits, however, that *Pearce* applies to the State seeking to increase the sentence with a habitual offender adjudication. The Defendant's assertion is not supported in the jurisprudence or by the statute. The Defendant simply concludes that La.R.S. 15:529.1 does not give the State carte blanche to use it unconstitutionally to increase his sentence after a successful appeal. Accordingly, there was no *Pearce* violation when the Defendant received a greater sentence following the withdrawal of his guilty plea and subsequent trial and convictions.

**ERROR PATENT**

In his final assignment of error, the Defendant argues that the trial court erred in sentencing him to four habitual offender enhanced sentences for convictions obtained the same day and arising from the same criminal act. Specifically, the Defendant complains that the bill of information sought habitual offender adjudication on all four convictions and that the trial court sentenced him to four

habitual offender sentences. The Defendant maintains that pursuant La.R.S. 15:529.1, only one count of a multiple count bill of information can be used to enhance a penalty when the convictions were entered on the same day and from the same transaction, citing *State v. Soileau*, 95-1214 (La.App. 3 Cir. 5/15/96), 677 So.2d 518. In *Soileau*, this court observed as follows:

> The Fifth Circuit Court of Appeal squarely addressed this issue in the recent case of *State v. Brown*, 95-124 (La.App. 5 Cir. 5/30/95); 656 So.2d 1070, wherein the court stated:
>
>> Only one count of a multi-count indictment/information can be used to enhance the penalty pursuant to La.R.S. 15:529.1 when the convictions were entered on the same day. *State v. McIntyre*, 496 So.2d 1204, 1207 (La.App. 5th Cir. 1986). Although it appears that the trial court imposed the enhanced sentence based on one count and not on all counts, that assumption cannot be stated with certainty. *See State v. McIntyre*, *supra*. Furthermore, because two of the counts arose from a single criminal episode, the defendant could not have been sentenced as a multiple offender on all counts. *State ex rel. Porter v. Butler*, 573 So.2d 1106, 1108 (La.1991). Convictions on more than one count entered on the same day should be treated as one conviction for purposes of the habitual offender statute. *Id*. Therefore, the enhanced sentence imposed must be vacated and the case remanded to the trial court for resentencing.
>
> *Brown*, 95-124 at pp. 8-9; 656 So.2d at 1077.

*Id*. at 520.

As a result of this error, the defendant's sentence was vacated and the case remanded to the trial court for resentencing.

The State concedes that it listed all four of the Defendant's convictions in the habitual offender bill of information, but argues that the trial court did not

sentence the Defendant to four habitual offender enhanced sentences. The transcript of the hearing on the habitual offender bill and sentencing held on March 23, 2006, reflects as follows:

> The present convictions are sex crimes as defined by Louisiana Revised Statute 15:540 with the victim under the age of 18 at the commission of the offense. In accordance with Louisiana Revised Statute 15:529.1 (A) 1 (c) 2, the defendant, because the burglaries are punishable to twelve or more years, and because the prior indecent behavior was defined in 15:540 with the victim under the age of 18, and the current offense is also a sexual offense as defined by 15:540 with the victim under the age of 18, the defendant is sentenced to imprisoned with the Department of Corrections for the remainder of his natural life without benefit of probation or suspension of sentence.

Thus, the Defendant received only one sentence based on all four convictions. However, at the Defendant's hearing on his motion to reconsider sentence held on May 23, 2006, the trial court stated:

> The only thing that the Court will do, is I don't think I stated - - I stated that the sentence was for the four counts, but I don't think that I - - I am going to state now that you are sentenced to imprisonment at hard labor for the remainder of your natural life without benefit of parole, probation or suspension of sentence, on each of those four counts: the sexual battery, the oral sexual battery, the molestation of a juvenile, and the indecent behavior with a juvenile, and that those sentences are to run concurrently with each count. So, it is not going to be four life sentences consecutive, it is four life sentences to run concurrently.

Thus, it appears that the Defendant received four life sentences, not just one as indicated at the original sentencing. Further, at the original sentencing, the trial court did not specify which of the four counts in the habitual offender bill was being enhanced. Accordingly, the Defendant's sentences are vacated and the case remanded to the trial court for resentencing.

## CONCLUSION

The Defendant's conviction and sentence for indecent behavior with a juvenile is reversed and vacated. Also, the Defendant's sentences on the remaining convictions are vacated and the case remanded to the trial court for resentencing, in accordance with this opinion.

**CONVICTION FOR INDECENT BEHAVIOR REVERSED AND SENTENCE VACATED.**

**CONVICTIONS FOR MOLESTATION OF A JUVENILE, SEXUAL BATTERY, AND ORAL SEXUAL BATTERY AFFIRMED. SENTENCES VACATED AND REMANDED TO TRIAL COURT.**