441 So.2d 1306 (1983)
STATE of Louisiana
v.
Mitchell R. TAYLOR.
No. 83 KA 0399.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*1307 Ossie Brown, Dist. Atty., Baton Rouge by Glen R. Petersen, Asst. Dist. Atty., for plaintiff-appellee.
Georgia Wilemon, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of the judgment of the trial court that denied defendant's motion to withdraw his guilty plea.
Defendant, Mitchell Ray Taylor, was charged by bill of information with having committed the crime of theft of property valued greater than $100.00 but less than $500.00 in violation of La.R.S. 14:67. This charge was amended in open court to receiving stolen things of a value greater than $100.00 but less than $500.00 in violation of La.R.S. 14:69. Defendant pled guilty to the charge of receiving stolen things. Prior to sentencing, defendant filed a motion to withdraw his guilty plea which was denied. Defendant was then sentenced to one (1) year imprisonment without hard labor. He now appeals his conviction and sentence, alleging the trial court erred when it overruled the motion to withdraw his guilty plea.
Defendant argues that at the time the guilty plea was entered the trial court, the prosecutor, defendant, and his attorney were under the false impression that defendant had no prior felony convictions; therefore the trial court and defendant acted under a mistake of fact sufficient to render defendant's plea involuntarily made and constitutionally deficient.
La.C.Cr.P. art. 559 provides as follows:
The court may permit a plea of guilty to be withdrawn at any time before sentence.
The court shall not accept a plea of guilty of a felony within forty-eight hours of the defendant's arrest. When such a plea has been accepted within the forty-eight hour period, the court, upon a motion filed by the defendant within thirty days after the plea was entered, shall set aside the plea and any sentence imposed thereon.
When a plea of guilty has been withdrawn or set aside, the plea and the facts surrounding its entry shall not be admissible in evidence against the defendant at a trial of a case.
The Supreme Court has consistently held that discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily and abuse of discretion can be corrected on appeal. State v. Johnson, 406 So.2d 569 (La.1981).
In support of the motion to withdraw the guilty plea, defense counsel contended that, although she had been provided with defendant's "rap sheet" prior to defendant's entering a guilty plea, she did not know of the prior conviction.[1] Defense counsel also argued that defendant was unaware of and simply did not remember that he had a prior felony conviction. She claims that had she been aware of defendant's *1308 prior felony conviction, she would not have advised defendant to plead guilty to the instant charge.
It is obvious from the record before us that the prosecutor furnished defense counsel with information in his possession as to defendant's prior record. It is also obvious that the trial court meticulously and laboriously instructed and advised defendant of the rights he was waiving by his guilty plea. By his thorough questioning of defendant, the trial judge satisfied the Boykin rule in every respect, including assuring himself and those present at defendant's Boykinization that defendant thoroughly understood those rights being waived and, further, that defendant waived those rights voluntarily and freely. Moreover, when asked if he understood that he would now be classified as a felony offender, defendant answered in the affirmative. The trial court ascertained that no plea bargain had been entered into and informed defendant of the maximum sentence he could receive as a result of the instant guilty plea.
Defendant relies heavily on the holding in State v. Galliano, 396 So.2d 1288 (La.1981), where the Supreme Court upheld the withdrawal of a voluntary and intelligent guilty plea because the trial judge, the prosecutor, the defense counsel and defendant erroneously acted on a mistake of law. If there was a mistake in the instant case, it was a mistake of fact rather than a mistake in law. State v. Lewis, 366 So.2d 1355 (La. 1978). When defendant was asked by the trial court during his Boykin examination if he had ever been convicted of anything or pled guilty before, defendant replied "No, sir".[2] Even if defendant was genuinely mistaken in his belief that his prior conviction was less than a felony or had indeed forgotten that conviction entirely, the evidence in the record shows that defendant, at the time the guilty plea was entered, made a knowing and intelligent waiver of rights; and such a mistake of fact is not sufficient to render defendant's guilty plea constitutionally infirm. We find no abuse of discretion on the part of the trial judge in denying defendant's motion to withdraw guilty plea.
There is no merit to this assignment of error, therefore we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] We have no way of knowing whether the conviction was on the "rap sheet". The "rap sheet" was not introduced into evidence and is not part of this record. We note the trial court asked about prior convictions during his "Boykin" examination and all parties denied knowledge of any. However, on the motion to withdraw the plea the assistant district attorney stated that defendant had been furnished a "rap sheet", which was not denied by defendant's counsel. No one has said nor furnished evidence that the conviction was omitted from the "rap sheet".
[2] Defendant was sentenced to three years' supervised probation on April 12, 1972, for simple burglary and misdemeanor theft convictions. He also had two revocation hearings.