464 So.2d 1032 (1985)
STATE of Louisiana
v.
Daniel MANGANO.
No. 84 KA 0814.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*1033 J. Kevin McNary and Richard A. Swartz, Asst. Dist. Attys., Covington, for State.
Wendell E. Tanner, Slidell, for defendant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant, Daniel Mangano, was charged by bill of information with two offenses: count one, cultivation of marijuana, a violation of LSA-R.S. 40:966(A); count two, possession of cocaine, a violation of LSA-R.S. 40:967(C). Pursuant to a plea bargain agreement, count one was nolle prosequied when defendant entered a plea of guilty to count two, which the trial court accepted after a Boykin hearing. The plea bargain agreement provided that only if a pre-sentence investigation report showed that defendant's record was *1034 "clean"[1] would the trial court suspend sentence. If that condition were met, the trial judge informed the defendant prior to accepting his plea, defendant would receive a sentence of five years imprisonment at hard labor, suspended; plus three years of probation, a three thousand dollar fine, and court costs.
The pre-sentence investigation report showed that defendant had, among other criminal activity minor in nature, been arrested thirteen years before in Florida for breaking and entering a motor vehicle with the intent to commit larceny, a felony. He entered a plea of nolo contendere to the charge, and was sentenced to one year at hard labor in the county jail. Having received this information, the trial judge informed defendant at the sentencing hearing that because his record was not "clean", the plea bargain agreement for a suspended sentence could not be carried through.
Defendant attempted to withdraw his plea of guilty, but the trial court refused to allow him to do so. Defendant was then sentenced to two years imprisonment at hard labor in the custody of the Department of Corrections, with credit for time served. Defendant appeals his conviction and sentence, asserting two assignments of error.
We affirm.

ASSIGNMENT OF ERROR NO. ONE
Defendant argues that the trial court erred in refusing to allow withdrawal of his guilty plea once he discovered that the plea bargain agreement would not be carried out. Although defendant fails to explicitly assert any genuine mistaken belief as to his lack of a prior felony conviction, this seems to be the basis of his first assignment of error.
LSA-C.Cr.P. art. 559 provides, in pertinent part, that: "The court may permit a plea of guilty to be withdrawn at any time before the sentence." Under this article, a defendant has no absolute right to withdraw a previously entered plea of guilty. Discretion to permit withdrawal of a guilty plea is vested in the trial judge. However, that discretion cannot be arbitrarily exercised and abuse of discretion can be corrected on appeal. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981).
This court has previously held that a defendant's mistake of fact as to the existence of a prior conviction is not sufficient to render a plea of guilty involuntarily made and constitutionally infirm. State v. Taylor, 441 So.2d 1306 (La.App. 1st Cir. 1983). In Taylor, the defendant argued that at the time his guilty plea was entered, all parties involved were under the false impression that defendant had no prior felony conviction. Prior to sentencing, when that false impression was corrected, defendant filed a motion to withdraw his guilty plea which was denied by the trial court. On appeal, this court stated:
"Even if defendant was genuinely mistaken in his belief that his prior conviction was less than a felony or had indeed forgotten that conviction entirely, the evidence in the record shows that defendant, at the time the guilty plea was entered, made a knowing and intelligent waiver of rights; and such a mistake of fact is not sufficient to render defendant's guilty plea constitutionally infirm. We find no abuse of discretion on the part of the trial judge in denying defendant's motion to withdraw guilty plea." (p. 1308)
Defendant attempts to distinguish Taylor to avoid its application to his case. He argues first that in Taylor the trial judge at the Boykin hearing asked the defendant directly if he had ever been convicted of anything or pled guilty before, but that the trial judge in his case failed to do so. We decline to hold that a trial judge has an obligation to "jog" a defendant's memory in such fashion. Secondly, defendant *1035 argues that in Taylor the defendant was supplied with a "rap" sheet, but that in the instant case he was not. The record shows that in a pre-plea discovery motion, defendant requested that the state furnish him with any police "rap" sheet in its possession. The state responded that it had none at that time. The "rap" sheet appearing in defendant's pre-sentence investigation report was received from the FBI after defendant entered his plea of guilty.
Defendant was accorded a Boykin hearing and the record shows clearly that he was fully and completely advised by the trial court of the rights he was waiving by his guilty plea. The trial judge satisfied himself that defendant thoroughly understood the rights being waived and did so voluntarily. Defendant does not contend otherwise. We, therefore, find no abuse of discretion on the part of the trial judge in refusing to allow defendant to withdraw his plea of guilty. We find this assignment of error without merit.

ASSIGNMENT OF ERROR NO. TWO
Defendant contends that the trial court erred in considering his 1970 Florida felony conviction, based on a plea of nolo contendere, without first holding an evidentiary hearing to determine if the earlier plea was entered after proper Boykinization. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969). Defendant urges this court to remand for the trial court to determine the validity of the plea and conviction.
Defendant cited no authority for his position, nor could we discover any case allowing collateral attack of a prior conviction on these grounds other than in the context of multiple offenders and penalty enhancement. State v. Cressy, 440 So.2d 141 (La.1983). In any event, we find that the defendant's request is without merit. The validity of conviction vel non is not at issue. Defendant's "rap" sheet discloses a prior felony conviction and the law, LSA-C. Cr.P. art. 893, precludes a sentencing judge from suspending the sentence of a defendant, convicted of a felony, who has prior felony convictions.
For the foregoing reasons, the conviction and sentence are affirmed.
NOTES
[1] The trial judge did not define this term at the hearing prior to accepting defendant's plea of guilty; however, the word "clean" as used in the criminal law context is known to the accused, the prosecutor and defense counsel alike.