722 So.2d 394 (1998)
STATE of Louisiana, Appellee,
v.
Kevin Lynn FALLS, Defendant-Appellant.
No. CR98-781.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*395 Bernard E. Boudreaux, Jr., D.A. and M. Bofill Duhe, New Iberia, for State of Louisiana.
Craig Colwart, New Orleans, Natalie B. Broussard, New Iberia, for Kevin Lynn Falls.
Before THIBODEAUX, DECUIR and GREMILLION, Judges.
DECUIR, Judge.
Defendant, Kevin Lynn Falls, pled guilty to armed robbery pursuant to a stipulated plea agreement. Prior to sentencing, Defendant moved to withdraw his guilty plea, which motion the trial court denied. On appeal, Defendant contends the guilty plea was constitutionally infirm and the trial court erred in refusing to allow him to withdraw the plea. For the reasons which follow, we reverse and remand.
In this appeal, Defendant raises three issues concerning the validity of his guilty plea. First, Defendant argues the stipulated plea agreement contained an error of law regarding the sentence to be recommended to the trial court. Second, Defendant contends his court-appointed attorney failed to adequately discuss with him the merits of going to trial versus pleading guilty under the terms offered by the prosecutor. Finally, Defendant argues that because his court-appointed counsel also represented a co-defendant, the attorney had a conflict of interest and was unable to provide him with effective legal assistance.
The record reveals the following events. At the time of his arraignment, Defendant was represented by Gary Legros of the Indigent Defender Board. One month later, Defendant discharged Mr. Legros and filed discovery motions pro se. After another month passed, Defendant entered into a plea agreement wherein he was represented by William Collins, also of the Indigent Defender Board. Defendant contends Mr. Collins, who was in court for matters pertaining to the co-defendant, represented him only on the day the guilty plea was taken. He alleges that he was not represented at the time of the plea negotiations, and the assistant district attorney spoke to him alone while he was in jail.
After entering his guilty plea, Defendant was released from jail on a $5000 bond and absconded to Texas. Several months later, Defendant was returned to Louisiana and moved to withdraw his plea of guilty. He was represented by Natalie Broussard of the Indigent Defender Board after being given an opportunity to hire private counsel as he requested. The trial judge held an evidentiary hearing, denied the motion, and sentenced Defendant to twenty-five years at hard labor, in accordance with the cap stipulated to in the plea agreement.
In pleading guilty to armed robbery, Defendant was exposed to a sentence of imprisonment between five and ninety-nine years without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64. In consideration for his guilty plea, the State and the trial judge agreed that Defendant would be sentenced at a later date, that a presentence investigation would be held, and that a twenty-five year cap would be placed on the sentence to be imposed. The State further agreed to recommend a sentence of fifteen years, with all but five years suspended, upon Defendant's substantial future cooperation with law enforcement authorities in certain narcotics investigations. When Defendant was finally sentenced almost a year after his guilty plea, the sentencing judge abided by the twenty-five year cap even though Defendant had not cooperated with the State as promised and had absconded from the jurisdiction.
The record contains two documents evidencing the plea agreement, one entitled Certificate Outlining Felony Plea & Conditions of Probation and the other a Stipulated Plea Agreement. The certificate, signed by Defendant, the assistant district attorney, and a district judge, stated Defendant would plead guilty to the crime of armed robbery and the district attorney would not multiple bill the defendant. A pre-sentence investigation would be ordered and a twenty-five year cap was placed on the sentence. The plea agreement contained the following language:

*396 On January 17, 1997, Kevin Lyn Falls, defendant in the above captioned matter, entered into, pursuant to advice of his attorney, William R. Collins, a plea agreement with the State of Louisiana. By the terms of that agreement, Mr. Falls agreed to plead guilty to the charge of Armed Robbery. The agreement further states that a cap of twenty-five (25) years would be placed on the sentence to be received by Mr. Falls with a presentence investigation to be ordered and a sentencing hearing held at a later date. In consideration of the agreement by Mr. Falls to plead guilty to the aforementioned charge, the State agrees to recommend a sentence of fifteen (15) years at hard labor with all but five (5) years suspended upon Mr. Fall's "substantial cooperation" with law enforcement authorities. To the end that there is no misunderstanding as to the definition of "substantial cooperation" the State and the defendant, Kevin Falls, hereby agree to be bound by the terms and conditions of this Stipulated Plea Agreement.
The text continues with five itemized and detailed conditions to be fulfilled by Defendant. None of the parties to the Stipulated Plea Agreement recognized that the recommendation of a suspended sentence was a legal impossibility.
The record does not indicate whether the Stipulated Plea Agreement was before the court at the time the plea was accepted. Nor is it clear if the trial court was actually aware of the specifics of the agreement. The trial court correctly advised Defendant of the possible penalty; however, the record reveals the trial court failed to recognize, or was unaware of, the impermissible term in the Stipulated Plea Agreement.
Raising the issue for the first time in this appeal, Defendant contends the misstatement of law gave the impression he could receive a partially suspended sentence. The sentencing provision of the armed robbery statute, La.R.S. 14:64(B), specifies that the term of imprisonment shall be without benefit of parole, probation, or suspension of sentence. The Stipulated Plea Agreement clearly evidences an agreement in which the possibility of a suspended sentence was an inducement to plead guilty.
In State v. Johnson, 95-626 (La.App. 3 Cir. 12/13/95), 666 So.2d 1137, writ denied, 96-0156 (La.4/19/96), 671 So.2d 925, this court determined that the defendant's plea was constitutionally infirm because it was based on the trial court's erroneous statements that the defendant would be eligible for probation.
In State v. Rios, 95-961 (La.App. 3 Cir. 3/6/96), 670 So.2d 708, the defendant entered a plea of guilty to the charge of possession of cocaine with intent to distribute because he was told by the State and defense counsel that he would receive a suspended sentence in return for his guilty plea. The defendant motioned to withdraw the guilty plea when he learned the State intended to file an habitual offender bill against him nullifying the previous agreement. This court found the trial court erred in not allowing the defendant the opportunity to withdraw the plea. This court held:
By not allowing defendant a chance to withdraw his guilty plea, which was at least partially induced by the promise of a suspended sentence (although the defendant lied about his name and prior convictions), the trial court nullified the required showing that the plea was intelligent and voluntary. State v. Delgado, 388 So.2d 384 (La.1980).
Id. at 712-713.
Although in the present case, Defendant himself ultimately breached the terms of the plea agreement by not cooperating with law enforcement authorities as specified, we find the inducement of an illegal sentence vitiated the knowing and voluntary nature of the plea itself. Had Defendant complied with the terms of the plea agreement, the sentencing judge could not have adopted the sentence which the assistant district attorney agreed to recommend because it was an illegal sentence. Regardless of any cooperation by a defendant, a conviction of armed robbery negates any chance for a suspended or partially suspended sentence. Therefore, Defendant is entitled to have the guilty plea set aside.
*397 We point out, as did the court in State v. Rios, 670 So.2d at 713, that Defendant's withdrawal of his guilty plea may carry severe consequences. He may be tried not only for armed robbery but also for theft in violation of La.R.S. 14:67, as originally charged, and for his actions in fleeing to Texas subsequent to his guilty plea. The trial court may choose to again set bond at $1,000,000.00 as he did when Defendant was returned to Louisiana from Texas. Finally, Defendant is now exposed to a maximum sentence of ninety-nine years because the twenty-five year cap contained in the plea agreement is no longer in effect.
For the foregoing reasons, the ruling of the trial court denying Defendant's motion to withdraw his guilty plea is reversed. Defendant's plea of guilty to armed robbery is vacated and set aside and this case is remanded to the trial court for further proceedings. Our determination of this assignment of error renders Defendant's remaining arguments moot.
REVERSED AND REMANDED.