735 So.2d 628 (1999)
STATE of Louisiana
v.
Kevin L. FALLS.
No. 99-K-0063.
Supreme Court of Louisiana.
June 4, 1999.
Rehearing Denied September 3, 1999.
PER CURIAM.[*]
Granted. The appellate court's judgment is vacated. A new claim generally cannot be raised for the first time on appeal. La.C.Cr.P. art. 841; State v. Cressy, 440 So.2d 141, 142-43 (La.1983); State v. Stoltz, 358 So.2d 1249, 1250 (La.1978). The "cooperation" portion of the plea bargain included the illegal sentencing term but failed when the defendant unilaterally breached that part of the agreement by fleeing to Texas. The defendant's voluntary act thereby triggered the alternative portion of the plea bargain, which called for an entirely lawful sentence, accepted by the defendant as an alternative to cooperation with the authorities when he entered his guilty plea. See State v. Louis, 94-0761 (La.11/30/94) 645 So.2d 1144; State v. Lewis, 539 So.2d 1199 (La.1989). The case is remanded for enforcement of that part of the agreement, if appropriate, after consideration of the defendant's remaining claims pretermitted on original appeal, including claims under State v. Sheppard, 95-0370 (La.9/13/96), 679 So.2d 899.
CALOGERO, C.J., and LEMMON and KIMBALL, JJ., would grant and docket.
NOTES
[*] Knoll, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.