771 So.2d 700 (2000)
STATE of Louisiana
v.
Troy Anthony FILER.
No. 99-626.
Court of Appeal of Louisiana, Third Circuit.
September 20, 2000.
*701 J. Phil Haney, Bernard E. Boudreaux, Jr., St. Martinville, LA, Counsel for Plaintiff/Appellee.
Susan K. Jones, New Iberia, LA, Counsel for Defendant/Appellant.
(Court composed of Judge COOKS, Judge PETERS, Judge PICKETT).
PICKETT, Judge.
Defendant entered a plea of guilty to the offense of possession of marijuana with the intent to distribute pursuant to a plea agreement in which the State agreed not to multiple-bill Defendant and to recommend Defendant to Drug Court if he qualified. The trial court found the Defendant was ineligible for drug court because of a prior felony conviction and he was sentenced to 25 years at hard labor which was reduced to 15 years hard labor. Defendant now appeals alleging his guilty plea was unlawfully induced and the trial court erred in refusing Defendant's request to withdraw his plea.

FACTS
During the years 1996 and 1997, Agent Daniel DeClouet was working for the St. Martin City Police Department and was involved in a deep cover operation called "Operation Spider Web." During that time, he would see the Defendant during the evening hours in the areas where Agent DeClouet had previously purchased drugs. The Defendant indicated to Agent DeClouet, on more than one occasion, that he had drugs available for sale. On January 3, 1997, the Defendant sold a bag of marijuana to Agent DeClouet.
The Defendant was indicted for knowingly and intentionally distributing a controlled dangerous substance, marijuana, in violation of La. R.S. 40:966A. On October 16, 1997, a plea agreement was reached wherein the Defendant pled guilty in return for the State's recommendation for drug court in New Iberia which was contingent upon the results of a pre-sentencing investigation and other conditions.
A motion to continue the sentencing date was considered on February 6, 1998 due to the absence of a key witness. As a condition of the plea, the Defendant submitted to a drug screen examination that same day and tested positive for cocaine.
The State withdrew its recommendations for drug court at the March 3, 1998, sentencing hearing because the Defendant had not complied with the conditions of the plea agreement, noting the Defendant's positive urine test. Other conditions, which the Defendant allegedly violated, included refraining from criminal activity and cooperating with the Police Department in its investigation. The Defendant objected to the State's withdrawal of its recommendation for drug court alleging *702 his guilty plea was made in exchange for receiving drug court. The court reviewed the pre-sentence investigation report and noted, among his numerous charges, that the Defendant was a prior felon and that he was ineligible for drug court.
The court sentenced the Defendant to twenty-five years at hard labor with credit for time served. A motion to reconsider the sentence was filed on March 31, 1998, and after a hearing on the matter the sentence was reduced to fifteen years at hard labor. An application for post-conviction relief was filed on November 20, 1998 and the Defendant was granted an out-of-time appeal on April 26, 1999. This court vacated the Defendant's guilty plea and remanded to the trial court for re-sentencing on December 8, 1999, finding during the error patent review that the trial court erred in its Boykinization of the Defendant. The supreme court granted the State's Petition for Supervisory Writs and reversed this court's decision, and remanded the case for consideration of the Defendant's assignments of error.

ASSIGNMENTS OF ERROR
1. The trial court erred in accepting a plea of guilty that was unlawfully induced.
2. The trial court erred in refusing to allow the Defendant to withdraw the guilty plea.

DISCUSSION
By these assignments, the Defendant contends that the trial court erred in accepting a plea of guilty that was unlawfully induced and in refusing to allow the Defendant to withdraw his guilty plea. More specifically, the Defendant claims that his plea of guilty was induced by an illegal sentence, and thus, he should have been allowed to withdraw the plea.
At the Defendant's guilty plea, the State described the plea agreement in this case as follows:
Q. What was the plea agreement reached in his case?
BY MR. HANEY:
Your Honor, it's my understanding that there would be a plea with a presentence and depending upon the results, assuming that everything comes back properly we would recommend Mr. Filer for the Drug Court in New Iberia.
BY THE COURT:
All right.
Q. Any inducements or promises been made other than that, sir?
A. No, sir.
Q. All right. Any threats been made?
A. No, sir.
Later, the trial court addresses the guilty plea as follows:
Q. How do you want to plead then to the charge of distribution?
A. Guilty, sir.
Q. Guilty. The Court accepts your guilty plea and finds that it is freely and voluntarily made with a complete understanding and waiver of all your constitutional rights. The factual basis has been established and admitted to. The Court will order the guilty plea recorded and order a pre-sentence investigation with sentencing on February 6th. There should be a notation that there is a cap.
BY MR. HANEY:
No, Your Honor, but a recommendation if everything turns out, that we would recommend Drug Court for Mr. Filer assuming all the facts indicate that on his pre-sentence and he abide by all the conditions and requirements we spoke to the court about.
BY THE COURT:
All right. Thank you.
The conditions mentioned by the state as prerequisites for its recommendation of Drug Court were not listed in the plea agreement nor were they iterated at the Defendant's guilty plea. The conditions were not discussed for the record until the *703 sentencing hearing. However, on appeal, the Defendant does not contest his agreement to the conditions and thus, the conditions are not at issue.
During the sentencing hearing, the State withdrew its recommendation for Drug Court because the Defendant had not complied with the conditions of the plea. The State explained that the Defendant had not refrained from criminal activity, that he continued to use drugs, and that he did not cooperate with the Police Department's investigation. Although the Defendant's cooperation with the police was controverted at the sentencing hearing, later in the hearing, the court discussed the Defendant's prior criminal history which included a felony, as follows:
BY THE COURT:
The Court, however, is particularly impressed by the defendant's criminal history. On 6/10/86 he was convicted of simple battery. It was reduced to a disturbing the peace. He was fined $100.00. On 9/12/86 he was arrested for disturbing the peace by fighting and simple battery again, another crime of violence. On 1/7/87 he plead guilty to disturbing the peace, was fined $75.00. On 6/5/88 he was arrested for possession of marijuana in the Town of Jennings. There is no disposition on that.
BY THE DEFENDANT:
I was never convicted of that charge, Your Honor.
BY THE COURT:
All right. There is no disposition on the charge. On 12/20/90 he was arrested for purse-snatching, a felony. He was sentenced to two (2) years at hard labor. That sentence was suspended. On 12/4/92 he was revoked and sentence [sic] to serve that sentence. He was paroled out on 8/5/94. On 5/15/95 that parole was terminated unsatisfactorily by the Department of Public Safety and Corrections. On 6/12/91 he was again arrested by the St. Martin Sheriff's Office and charged with second degree battery and disturbing the peace. That felony was reduced and he plead guilty again to a misdemeanor, disturbing the peace by fighting.
BY THE DEFENDANT:
No, Your Honor.
BY THE COURT:
That is not correct?
BY THE DEFENDANT:
No, sir.
BY THE COURT:
On 6/12/91 you were arrested for second degree battery and disturbing the peace and the felony was reduced ...
BY THE DEFENDANT:
No, sir.
BY THE COURT:
... and you plead guilty to disturbing the peace by fighting and fined $50.00 plus court costs?
BY THE DEFENDANT:
I don't believe that is correct, sir.
BY THE COURT:
All right. That particular offense then will be disregarded by the Court in the sentence for this crime.
Likewise, his not guilty verdict on 5/20/92 for the crime of distribution of cocaine will be disregarded by the Court.
On 10/29/92 he was charged with failure to appear and simple battery on a police officer. No disposition was found and we have the instant offense.
So this particular offender, even if he had fully complied with everything he told the District Attorney that he would do and everything he told Officer Dalbour he would do, was ineligible for Drug Court. Not only that, this Court did not agree to sentence him to Drug Court, nor did it promise him that the Court would consider him for Drug Court. At every sentence, it is up to the Court to decide what the sentence is.
Following the sentencing, the Defendant moved the court to reconsider his sentence. Neither a formal nor an informal *704 motion to withdraw the plea is found in the record. However, the court, at the hearing to reconsider the sentence, suggested that an informal motion to withdraw the plea had been made and denied, stating the following:
BY MS. JONES:
I'm of the belief, with all due respect to Your Honor, that all of those issues can be raised on appeal.
BY THE COURT:
All right.
BY MS. JONES:
Because they were raised at the trial court level, and
BY THE COURT:
They were indeed, at least the, the Motion To Reconsider Sentence, either formally or informally, included a Motion To Withdraw The Guilty Plea, and the Court heard evidence on that
BY MS. JONES:
and
BY THE COURT:
and ruled that he could not withdraw the guilty plea, and that the, the Court did reconsider the sentence and gave him a substantial reduction in his sentenced based on mitigating factors such as his child and his family support,....
La. Code Crim.P. art. 559 provides that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." The Louisiana Supreme Court has consistently held that the discretion to permit a guilty plea to be withdrawn is vested in the trial judge but cannot be exercised arbitrarily. State v. Johnson, 406 So.2d 569 (La.1981). After sentencing, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm. State v. Barnes, 596 So.2d 302 (La.App. 3 Cir.1992). It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter a plea by a plea bargain, or by what the defendant justifiably believes was a plea bargain, and that plea bargain is not kept. In that instance, the defendant's plea is not considered to have been freely and knowingly given. State v. Dixon, 449 So.2d 463 (La.1984).
In support of Defendant's claim that the trial court should have allowed him to withdraw his guilty plea, the Defendant relies upon this court's decision in State v. Rios, 95-961 (La.App. 3 Cir. 3/6/96); 670 So.2d 708. Rios agreed to plead guilty to possession of cocaine with the intent to distribute based upon the joint recommendation of the state and defense counsel that he receive a suspended sentence. Following the court's acceptance of the plea, the state filed a habitual offender bill and requested that sentencing be deferred. At the subsequent hearing, the defendant urged a motion to withdraw his guilty plea which was denied. Following the determination that the defendant was a habitual offender, he was sentenced to fifteen years hard labor without benefit of probation or suspension of sentence. In its decision to reverse and remand this case, the court explained that:
By not allowing defendant a chance to withdraw his guilty plea, which was at least partially induced by the promise of a suspended sentence (although the defendant lied about his name and prior convictions), the trial court nullified the required showing that the plea was intelligent and voluntary.
Id. at 712-713. (Emphasis added.)
The court distinguished its case from the decision in State v. Mangano, 464 So.2d 1032 (La.App. 1 Cir.1985), wherein the trial court's refusal to allow the defendant to withdraw his guilty plea was upheld. The defendant in Mangano entered a plea of guilty to possession of cocaine pursuant to a plea bargain. The agreement provided that the trial court would suspend his five-year sentence "only if a pre-sentence investigation report showed that defendant's record was `clean'...." Id. at 1033-1034. The presentence investigation report revealed a prior felony and the plea agreement *705 was rescinded. In Rios, this court found that Rios' plea was not contingent on any other factor as was the plea in Mangano, but was partially induced by the promise of a suspended sentence.
Like Mangano, the plea agreement in the instant case was contingent upon the results of the presentence investigation report.[1] There was no promise made by the court that he would receive Drug Court, but rather an agreement that the recommendation for the Drug Court would be made by the state. In State v. Taylor, 441 So.2d 1306 (La.App. 1 Cir.1983), the court elaborated further on this issue, stating:
Even if defendant was genuinely mistaken in his belief that his prior conviction was less than a felony or had indeed forgotten that conviction entirely, the evidence in the record shows that defendant, at the time the guilty plea was entered, made a knowing and intelligent waiver of rights; and such a mistake of fact is not sufficient to render defendant's guilty plea constitutionally infirm.
Id. at 1308.
The Defendant also relies on this court's decision in State v. Falls, 98-781 (La.App. 3 Cir. 12/9/98); 722 So.2d 394, wherein this court addressed a similar case scenario. This decision was vacated by the supreme court in State v. Falls, 99-0063 (La.6/4/99); 735 So.2d 628, rehearing denied, (La.9/3/99), 747 So.2d 528. In Falls, the defendant pled guilty to armed robbery pursuant to a stipulated plea agreement. In consideration for his guilty plea, he was to be sentenced at a later date, a presentence investigation was ordered and a twenty-five-year cap was placed on the sentence. The state also agreed to recommend a sentence of fifteen years, with all but five years to be suspended if the defendant cooperated with certain narcotic investigations. The recommended sentence was illegal because the sentence exposure for armed robbery was five to ninety-nine years, all of which must be served without the possibility of a suspended sentence. Prior to sentencing, the defendant breached the agreement by not cooperating as specified and the trial court denied the defendant's motion to withdraw his guilty plea. In its decision to reverse the trial court ruling, this court noted that "the trial court failed to recognize, or was unaware of, the impermissible term [suspension of sentence] in the Stipulated Plea Agreement" and that the agreement "clearly evidences an agreement in which the possibility of a suspended sentence was an inducement to plead guilty." Id. at 396. Accordingly, this court found that although the defendant himself had breached the terms of the plea agreement,
the inducement of an illegal sentence vitiated the knowing and voluntary nature of the plea itself. Had Defendant complied with the terms of the plea agreement, the sentencing judge could not have adopted the sentence which the assistant district attorney agreed to recommend because it was an illegal sentence.
Id. at 396.
The supreme court vacated Falls and addressed the issue of the illegal sentencing term as follows:
The "cooperation" portion of the plea bargain included the illegal sentencing term but failed when the defendant unilaterally breached that part of the agreement by fleeing to Texas. The defendant's voluntary act thereby triggered the alternative portion of the plea bargain, which called for an entirely lawful sentence, accepted by the defendant as an alternative to cooperation with the authorities when he entered his guilty plea. (cites omitted) The case is remanded for enforcement of that part of the agreement, if appropriate, after consideration of the defendant's remaining *706 claims pretermitted on original appeal,....
Likewise, the cooperation portion of the plea agreement in the instant case included the alleged "illegal" sentence of Drug Court but failed when the defendant chose to breach that part of the agreement by consuming cocaine. The alternative sentence is entirely lawful. Also, the recommendation in the plea agreement in the instant case is distinguishable from that in Falls as the state did not make a mistake of law as it did in Falls. The recommendation did not violate statutory requirements, and therefore, was not invalid or illegal on its face. The state's recommendation would have been valid had there been no prior felony. In Falls, the statutory requirement was in contradiction to the recommendation offered in the plea bargain, and thus, an illegal sentence was offered. In the instant case, the ignorance and subsequent mistake of fact, prior to the presentencing investigation, does not rise to the level of an illegal sentence.

DISPOSITION
For the reasons stated, the plea agreement was not constitutionally infirm because it was contingent upon the outcome of the Defendant's presentence investigation. The Defendant was in the best position to know of his past criminal record, and, thus, the recommendation should not be considered an inducement upon which he should have reasonably relied. For these reasons, the Defendant's assignments of error are without merit. The Defendant's guilty plea and sentence are affirmed.
AFFIRMED.
NOTES
[1] The plea agreement was also contingent upon the Defendant's abstinence from criminal activity and his cooperation with the police department's investigation which is not at issue in this appeal.