# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 04-838

STATE OF LOUISIANA

VERSUS

TOMMY CLOUD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2003-1773
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

REVERSED. GUILTY PLEAS AND SENTENCES VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

Honorable Douglas L. Hebert, Jr.
District Attorney
John Erwin Demoruelle
Assistant District Attorney
P. O. Drawer 839
Oberlin, LA 70655
Telephone: (337) 639-2641
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**Telephone: (337) 991-9757**
**COUNSEL FOR:**
**Defendant/Appellant - Tommy Cloud**

**Tommy Cloud**
**Allen Corr. Ctr.**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**

THIBODEAUX, Chief Judge.

The Defendant, Tommy Cloud, entered guilty pleas to sexual battery and oral sexual battery, and was sentenced to two consecutive terms of nine years at hard labor, without the benefit of probation, parole, or suspension of sentence. He appeals his guilty pleas because he alleges they were not knowingly and intelligently made. More specifically, the Defendant contends that his pleas were based upon an impossible condition of dismissal of criminal charges to which he had already entered guilty pleas.

We agree. Therefore, we reverse and vacate the Defendant's guilty pleas and sentences and remand to the trial court for further proceedings.

## **FACTS**

No facts were entered into the record at the Defendant's guilty plea. The following facts were obtained from Defendant's brief to this court:

> A twelve year old girl told authorities in Evangeline and Allen Parishes that she had been molested by Appellant. The child claimed to have been digitally and orally touched by the Appellant in a camper while her mother slept nearby. Appellant was dating the child's mother and living with the family at the time, according to police reports.

### *Invalidity of Guilty Pleas*

The Defendant contends that his guilty pleas are invalid because the conditions of the plea bargain were impossible to fulfill. He explains that in exchange for his guilty plea to sexual battery and oral sexual battery, the State agreed to dismiss two burglary charges. However, at the time of the plea bargain, the Defendant had already pled guilty to the two burglary charges.

1

The Defendant claims that the State breached their plea bargain. There are two remedies typically available in this situation: 1) specific performance of the plea agreement; and 2) withdrawal of the guilty plea. *Santabello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971); *State v. Chalaire*, 375 So.2d 107 (La.1979); *State v. Wade*, 364 So.2d 575 (La.1978). The Defendant cannot seek specific performance of the plea agreement because the charges which were to be dismissed as part of the current plea agreement cannot be dismissed as agreed. Therefore, the Defendant's only remedy would be withdrawal of his plea, which he requests in his brief to this court.

In his brief to this court, the Defendant states:

After the plea and sentence, on May 11, 2004, the State appeared before the court requesting the minutes of 7/10/03 be amended to reflect that the charges in CR-2002-0763 were not dismissed, as the defendant previously entered plea in that docket number. This exparte motion was granted without notice or hearing. It clearly establishes that the appellant was under a mistake of fact in believing that he would benefit by the dismissal of the burglary charge, assuming that the State was correct in urging that they had already been adjudicated. Since the appellant is not a lawyer, it is not clear that he understood the State could not simply dismiss the burglary charge, even if he had already pled. The lack of any contradictory hearing on that issue bars affiance of the plea bargain.

The State acknowledges that the plea agreement contained an impossible condition, but maintains that the Defendant is charged with the knowledge that he had already pled guilty to the charges that were agreed to be dismissed.

The Louisiana Supreme Court in *State v. Crosby*, 338 So.2d 584 (La.1986), has stated that a guilty plea is involuntary if it is based upon an impossible plea agreement. The court stated:

. . . Their plea of guilty was entered upon the express plea bargain that they did not lose their right to appellate review of such error.

2

> If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas. The plea could not therefor be characterized as voluntary, because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained. *State v. Baudoin*, 334 So.2d 186 (La.1976); *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

*Id.* at 586. *See also State v. Joseph*, 03-315 (La. 5/16/03), 847 So.2d 1196.

This court in *State v. Falls*, 98-781 (La.App. 3 Cir. 12/9/98), 722 So.2d 394, held the defendant's plea was involuntary because it was induced by a plea agreement containing an illegal sentence. This decision was vacated by the supreme court in *State v. Falls*, 99-0063 (La. 6/4/99), 735 So.2d 628. As in *Falls* and the instant case, none of the parties, nor the court, realized that the plea agreement contained an impossible condition. This court stated:

> Although in the present case, Defendant himself ultimately breached the terms of the plea agreement by not cooperating with law enforcement authorities as specified, we find the inducement of an illegal sentence vitiated the knowing and voluntary nature of the plea itself. Had Defendant complied with the terms of the plea agreement, the sentencing judge could not have adopted the sentence which the assistant district attorney agreed to recommend because it was an illegal sentence. Regardless of any cooperation by a defendant, a conviction of armed robbery negates any chance for a suspended or partially suspended sentence. Therefore, Defendant is entitled to have the guilty plea set aside.

*State v. Falls*, 722 So.2d at 396.

The supreme court vacated *Falls*, but failed to address the specific issue at hand, stating:

> The "cooperation" portion of the plea bargain included the illegal sentencing term but failed when the defendant unilaterally breached that part of the agreement by fleeing to Texas. The defendant's voluntary act thereby triggered the alternative portion of the plea bargain, which called for an entirely lawful sentence, accepted by the defendant as an alternative to cooperation with the

3

authorities when he entered his guilty plea. The case is remanded for enforcement of that part of the agreement, if appropriate, after consideration of the defendant's remaining claims pretermitted on original appeal, . . . .

*State v. Falls*, 735 So.2d at 628 (citations omitted).

In this case, the plea bargain contains an impossible condition that renders the Defendant's guilty pleas involuntary. There is no alternate portion of the plea agreement which can be upheld as in *Falls*.

Thus, we vacate the Defendant's guilty pleas and sentences and remand to the trial court for further proceedings.

## ERROR PATENT

The minutes of sentencing fail to reflect the denial of diminution of eligibility. Thus, we instruct the trial court to amend the minutes accordingly.

## CONCLUSION

For the foregoing reasons, we conclude that the Defendant's guilty pleas were based on an impossible condition and, consequently, unknowingly made and invalid. We, therefore, vacate the pleas and sentences and remand to the trial court for further proceedings.

**REVERSED. GUILTY PLEAS AND SENTENCES VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**