WILLIAMS, J.
 

 |,The defendant, Mark Ervin, was charged by bill of information with possession with intent to distribute cocaine, a Schedule II controlled dangerous substance, a violation of LSA-R.S. 40:967(A)(1). Pursuant to a plea agreement, the defendant pled guilty as charged
 
 *987
 
 in return for a stipulated sentence of 28 years at hard labor and the state agreed not to file an habitual offender bill. As part of the same plea agreement, the defendant also pled guilty to a second count of possession with intent to distribute cocaine under a separate docket number, with a concurrent sentence of 28 years at hard labor. After defendant waived all applicable delays, the district court immediately sentenced defendant to serve two terms of 28 years’ imprisonment at hard labor, with the first 2 years of each sentence to be served without the benefit of parole, probation, or suspension of sentence. Additionally, both sentences were ordered to be served concurrently to each other and to any other sentence the defendant was obligated to serve. The defendant’s pro se motion to reconsider sentence was denied and this appeal followed. We note that because defendant’s guilty plea to the second count arose under district court docket number 258,481, which was not made a subject of this appeal, this court’s disposition of the present appeal has no bearing on the conviction or sentence imposed therein.
 

 DISCUSSION
 

 The defendant’s appellate counsel has filed a motion to withdraw, together with an
 
 Anders
 
 brief, alleging that there are no non-frivolous issues to raise on appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176; and
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the plea agreement under which the defendant’s guilty plea was entered, including the agreement regarding his sentence. Defense counsel states that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with
 
 Anders, Jyles, Mouton,
 
 and
 
 Benjamin, supra.
 

 LSA-C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Here, the record shows that defendant was properly advised of his
 
 Boykin
 
 rights before he pled guilty and that the 28-year hard labor sentence was imposed in conformity with the plea agreement, which was set forth in the record. Thus, the appellate counsel has shown that defendant cannot appeal the sentence imposed and that no non-frivolous errors can be found after a conscientious review of the record.
 

 We have examined the record for error patent and found none.
 

 CONCLUSION
 

 For the foregoing reasons, the appellate counsel’s motion to withdraw is hereby granted, and the defendant’s conviction and sentence are affirmed.
 

 MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.