# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-908

**STATE OF LOUISIANA**

**VERSUS**

**RICKY WAYNE MILLER**

**AKA RICKY MILLER**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 59572
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Van H. Kyzar, and David E. Chatelain[*], Judges.

**SENTENCE VACATED; REMANDED.**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ricky Wayne Miller**

**Hon. Keith A. Stutes**
**Lafayette Parish DA**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Ted L. Ayo**
**Attorney at Law**
**10 S. St. Charles St.**
**Abbeville, LA 70510-5108**
**(800) 880-1117**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Ricky Miller**
    **Ricky Wayne Miller**

**SAVOIE, Judge.**

On January 12, 2016, Defendant, Ricky Wayne Miller, entered a guilty plea to simple burglary (district court docket number 59572), a violation of La. R.S. 14:62.[2] On May 13, 2016, as part of the plea agreement, Defendant was sentenced to seven years at hard labor to be served without the benefit of probation, parole, or suspension of sentence and to run concurrently to the sentence imposed in district court docket number 58118. A motion to reconsider sentence was not filed.

Defendant appeals assigning the following errors[3]:

1. The trial court erred in imposing consecutive sentences in violation of the plea agreement set for on the record at the time of the pleas of guilty.

2. Trial court [sic] rendered assistance below that guaranteed by the Sixth Amendment of United States Constitution by failing to object to the court's failure to impose sentences in compliance with the plea agreement.

For the following reasons, we vacate Defendant's sentence and remand this matter to the trial court for resentencing in accordance with the plea agreement.

## FACTS

At the guilty plea proceeding, the State indicated that Defendant entered, without authorization, a dwelling, vehicle, watercraft or other structure, moveable or immoveable, belonging to another with the intent to commit a felony or theft.

---

[2]The court minutes mistakenly indicate that the proceeding was held on January 11, 2016, but the transcript indicates that it was held on January 12, 2016.

[3]In addition to the present appeal, Defendant has two pending appeals, 16-904 and 16-907. The trial court provided this court with a separate record for each of its docket numbers and each has been assigned a separate docket number for appeal. The three docket numbers were addressed at the same plea and sentencing hearings. This court granted Defendant's motion to consolidate but only for purposes of briefing and consideration. Defendant and the State submitted a single brief each addressing all three docket numbers.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we found no errors patent present.[4]

**ASSIGNMENT OF ERROR NUMBER ONE**

The Defendant complains the plea agreement was breached. In the transcript of the January 12, 2016 proceeding, the plea agreement was set forth in open court. It provided a sentencing cap of twenty-five years at hard labor, and the State agreed that it would not file a multiple offender bill. Additionally, the following pertinent exchange occurred:

> [COURT]: All right. So Docket No. 58075, 58080, 58133, 59219, 59221, 59224, 59253, 59259, and 59572 are all going to run concurrent?
>
> MS. YOUNG: Correct, with Docket No. 58118.
>
> [COURT]: All right. That's what's agreed upon?
>
> MS. YOUNG: Correct.
>
> [COURT]: And then the Court will decide whether or not to run 58118 concurrent or consecutive, after the sentencing Hearing [sic]?
>
> MR. HAMILTON: That is correct, Your Honor.
>
> [COURT]: Is that correct?
>
> MS. YOUNG: Correct

---

[4]The court minutes indicate that Defendant's seven year sentence imposed for the instant offense is to run "concurrent with 58118, 59253, 58075, 59259, 59221, 58133, 58080, 59219, 59224." The sentencing transcript indicates that the only sentence running concurrently with the sentence imposed in this docket number is the sentence imposed in docket number 58118. Additionally, the sentences imposed in docket numbers 59224 and 59253 were ordered to run consecutively to the sentence imposed in 59572, the docket number at issue in this case. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. We are not ordering a correction of the court minutes because the sentence imposed in docket number 59572 is being vacated, and the case is being remanded for resentencing.

The following exchange occurred between the trial court and Defendant:

Q. Is that your deal, Mr. Miller?

A. What's the other docket number? What's the --

Q. Which one?

A. The one that y'all are going to decide after, to run it.

Q. That's the dope charge, 58118. It looks like they're running -- the forgeries, the unauthorized use, the burglaries, are going to all run together. And then I will decide whether or not the drug charge should run at the same time or to run consecutive. But all in all, y'all have agreed to a cap of 25 years.

A. Right.

Q. Is that your deal?

A. Yes, ma'am.

Q. Is that what you want?

A. I mean, it's pretty much the best I can get.

Q. Is that what you want?

A. Yes, ma'am, yes, ma'am.

A sentencing hearing was held on May 13, 2016, at which the trial court imposed the following sentences:

(1)    Theft of a firearm (district court docket number 59219) - seven years at hard labor without the benefit of parole, probation, or suspension of sentence to run concurrently with the sentences imposed in docket numbers 58080, 58133, 59221, 59259, and 58075;

(2)    Unauthorized use of a motor vehicle (district court docket number 58080) - five years at hard labor[5];

(3)    Theft between $750.00 and $5,000.00 (district court docket number 58133) - three years at hard labor;

---

[5]At sentencing, the trial court mistakenly referred to this charge as unauthorized use of an access card.

3

(4)     Simple burglary (district court docket number 59221) - seven years at hard labor;

(5)     Simple burglary (district court docket number 59259) - seven years at hard labor;

(6)     Six counts of forgery (district court docket number 58075) - seven years at hard labor on each count to run concurrently with each other;

(7)     Simple burglary (district court docket number 59572) - seven years at hard labor to run concurrently with the sentence imposed in district court docket number 58118;

(8)     Simple burglary (district court docket number 59224) - nine years at hard labor to run consecutively to "all of the previous docket numbers mentioned by this court";

(9)     Simple burglary (district court docket number 59253) - nine years at hard labor to run consecutively to docket number 59224; and

(10)    Possession with intent to distribute schedule IV, Clonazepam, (district court docket number 58118) - five years at hard labor to run concurrently to "all of the docket numbers mentioned here today."

Defendant concedes that the trial court complied with the twenty-five year sentencing cap. However, Defendant argues that the plea agreement was broken stating "the charges prosecuted by Assistant District Attorney Ayo would run concurrent to each other and the judge would decide whether to run the sentence for the charge prosecuted by Assistant District Attorney Roger Hamilton, Jr. concurrent or consecutive." Defendant argues that the trial court failed to order all of the sentences (except for the drug charge) run concurrently. Defendant urges that, since the plea agreement was breached, "all of the sentences imposed in the convictions before the court on May 13, 2016," should be vacated and remanded to the trial court for resentencing. Upon remand, Defendant requests that the sentence imposed in district court docket number 58118 be ordered to run concurrently to all of the other sentences imposed. Defendant argues that a failure to do so would be a violation of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct.

4

2072 (1969). Defendant prays that his sentences be set aside and that he be resentenced in accordance with the plea agreement.

In its brief to this court, the State concedes that the matter should be remanded to the trial court for resentencing in compliance with the plea agreement. Additionally, the State is in agreement with Defendant that all of the sentences imposed on May 13, 2016 should be vacated and remanded for resentencing. The State writes, in pertinent part:

> This Honorable Court should, as Appellate Counsel argues, should [sic] be remanded to the Honorable Laurie A. Hulin for re-sentencing in compliance with the Plea Agreement of the State and Defense Counsel. Thus, on sentencing the trial judge should look to each Docket Number and the appropriate sentence, running the Docket Number under Assistant District Attorney, Ted L. Ayo, concurrent with each other and deciding whether the Docket Number of Assistant District Attorney, Roger P. Hamilton, Jr., should run concurrent or consecutive to that sentence.
>
>> Docket No. 58080 - Unauthorized Use of a Motor Vehicle (R.S. 14:68.4), Imprisoned with or without hard labor for not more than ten (10) years;
>>
>> Docket Nos. 59259, 59253, 59224 and 59221 - Simple Burglary (R.S. 14:62), imprisoned with or without hard labor for not more than twelve (12) years;
>>
>> Docket No. 58133 - Theft between $750.00 and $5,000.00 (R.S. 14:67), imprisoned with or without hard labor for not more than five (5) years;
>>
>> Docket No. 58075 - Six (6) counts of Forgery (R.S. 14:72), imprisoned with or without hard labor for not more than ten (10) years. As these are six (6) counts, the trial judge could run the counts concurrent or consecutive to each other;
>>
>> Docket No. 59219 - Theft of a Firearm (R.S. 14:67.15), imprisoned with or without hard labor for not less than two (2) years nor more than ten (10) years, without <u>the benefit of probation, parole or suspension of sentence</u> (Emphasis added). [sic]

5

Docket No. 58118 - Possession with the Intent to Distribute Clonazepam (R.S. 40:969(A)(1), imprisoned with or without hard labor for ten (10) years.

The State does not agree with Appellant's argument that (footnote 3) the total maximum sentence would be twenty-two (22) years. As stated above, the six (6) counts of forgery could be run consecutively to one another and concurrent with all other docket numbers, with the exception of the drug case, which can run consecutively; or the sentence under the Theft of a Firearm can be imposed without benefit.

The trial court partially complied with the plea agreement. As noted above, it ordered that the sentence for theft of a firearm in district docket number 59219 be seven years at hard labor without the benefit of parole, probation, or suspension of sentence and for the sentence to run concurrently with the sentences imposed in district court docket numbers 58080, 58133, 59221, 59259, and 58075. The trial court failed to order the sentence to run concurrently with the sentences imposed for simple burglary (district court docket number 59572), simple burglary (district court docket number 59224), simple burglary (district court docket number 59253), and possession of clonazepam with intent to distribute (district court docket number 58118).

In *State v. Terrebonne*, 01-2632, pp. 4-5 (La.App. 1 Cir. 6/21/02), 822 So.2d 149, 152, the court held: "Where the plea agreement calls for a legal sentence and the trial court agrees, the trial court is bound by the terms of the agreement." *See State v. Anthony*, 99-0107, pp. 6-7 (La.App. 4 Cir. 04/27/99), 735 So.2d 746, 750-751." In *State v. Cloud*, 04-838 (La.App. 3 Cir. 2/2/05), 893 So.2d 220, this court explained the remedies available when there is a breach of the plea agreement. This court held: "There are two remedies typically available in this situation: 1) specific performance of the plea agreement; and 2) withdrawal of the guilty plea. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State*

*v. Chalaire*, 375 So.2d 107 (La.1979); *State v. Wade*, 364 So.2d 575 (La.1978)." *Cloud*, 893 So.2d at 221.

In this case, the parties agreed that the sentence was to run concurrently with all of the sentences imposed at the May 13, 2016 proceeding. The trial court imposed the sentence in district court docket number 59572 to run concurrently to the sentence imposed in district court docket number 58118, but it was silent as to whether the sentence should be served consecutively or concurrently to the other sentences imposed at the May 13, 2016 proceeding.

Louisiana Code Criminal Procedure Article 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

The record does not indicate whether the conviction in district court docket number 59572 was part of the same transaction or common scheme as the other charges plead to on May 13, 2016; thus, the trial court was mandated to designate whether the sentence was to run concurrently to the other sentences imposed. The trial court failed to do so, in derogation of the plea agreement.

Defendant prays for specific performance of the plea agreement. We agree that the sentence imposed in this case should be vacated and that the matter be remanded to the trial court for resentencing in compliance with the plea agreement.

Defendant and the State request that all of the sentences imposed on May 13, 2016 be vacated; however, neither one offers case law or a statute to support the notion that this court should vacate all of the sentences from the separate district

7

court docket numbers which are not subject to this appeal. In *State v. Lemelle*, 06-2975 (La. 9/14/07), 964 So.2d 316, which is cited by Defendant, the supreme court held that the sentences imposed by the trial court, which did not comply with the plea agreement, should be vacated and remanded for resentencing. However, there was no indication that the vacated sentences were not included in the motion for appeal. Additionally, on application for writ of review in *State v. Tanner*, 12-773, 12-777 (La.App. 3 Cir. 10.7/13) (unpublished opinion), *writ denied*, 13-2599 (La. 1/23/14), 130 So.3d 953, which is cited by Defendant, both of the sentences that were vacated for failure to comply with the plea agreement were properly before the court; the appellate court ordered the docket numbers to be consolidated. Thus, the parties are not entitled to this requested relief.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant complains that his attorney was ineffective for failing to object to the breach of the sentencing agreement at the conclusion of sentencing hearing. Defendant explains:

> As noted earlier, the Direct Appeal contained only three of the ten docket numbers that were before the court. However, appellate counsel for Ricky Miller urges this court to not penalize Appellant for this oversight as the Direct Appeal filing was filed pro se. If this bars remand for resentencing on all docket numbers, or at least on all docket numbers where consecutive sentences were imposed, under the assignment of error, it is asserted that had trial counsel objected at sentencing to the trial court's failure to sentence in accordance to the terms of the plea agreement, Appellant would not have been sentenced to the three consecutive sentences.

In order to prove an attorney was ineffective, a defendant must show that his attorney was deficient, and he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

8

The record before this court does not reflect that Defendant's trial attorney objected to any of the sentences imposed or filed a pleading seeking to correct the sentences to those agreed upon in the plea agreement. However, because we are vacating the sentence at issue in this appeal and remanding the matter for resentencing in compliance with the plea agreement, we find that Defendant failed to prove his attorney is ineffective on this basis. Additionally, the failure of counsel to object at the time of sentencing does not preclude review of the alleged claim that the trial court failed to comply with the plea agreement. Furthermore, the other sentences imposed as part of the plea agreement are not before this court in this appeal. *Cf. State v. Ervin*, 45,068 (La.App. 2 Cir. 3/17/10), 33 So.3d 986.

Accordingly, this assignment of error is denied.

## DECREE

Defendant's sentence imposed for the offense of simple burglary, district court docket number 59572, is vacated and remanded to the trial court for resentencing in accordance with the plea agreement.

**SENTENCE VACATED; REMANDED.**